

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| STACY S. STEPHENS, | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION 1:17-CV-434 |
| | § | |
| NANCY BERRYHILL, Acting | § | |
| Commissioner of Social Security | § | |
| Administration, | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND ORDER OF INTRA-DISTRICT TRANSFER

According to 28 U.S.C. § 636(b) and the Local Rules of the Eastern District of Texas for the Assignment of Duties to United States Magistrate Judges (Appendix B), the District Court referred this proceeding to the undersigned United States Magistrate for determination of non-dispositive pretrial matters. Plaintiff, represented by counsel, filed a complaint for review of the Commissioner's decision denying the plaintiff's application for Social Security benefits.

Pending before the court is Plaintiff's, *Motion to Transfer Venue* (doc. #4) the plaintiff is a resident of Ivanhoe, Texas, which is in Tyler County. Tyler County is located in the Lufkin Division of the United States District Court for the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(6). There is no indication that plaintiff's case has any connection to the Beaumont Division for the Eastern District of Texas.

Social , 42 U.S.C. § 405(g) provides that an individual may obtain a review of the Commissioner's decision by filing the action for review "in the district court of the United States for the judicial district in which the plaintiff resides." See 42 U.S.C. § 405(g). The Social Security appeal venue provision is accordingly silent as to the appropriate division in which an appeal should be filed, but the Court derives guidance from the focus on the plaintiff's residence in Section 405(g).

Furthermore, the Court has the inherent power to transfer cases from one division to another for the expeditious administration of justice. *See Hutchinson v. Pfeil*, 211 F.3d 515, 523 (10th Cir. 2000); *United States v. Martinez*, 686 F.2d 334, 338 (5th Cir. 1982) (Quotations omitted). 28 U.S.C. § 1406(a) also provides that, in the interests of justice, a case filed in the wrong district or division should be transferred to any district or division in which it could have been brought. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citing 28 U.S.C. § 1406(a)). Because an intra-district transfer is not case-dispositive, it is also within the power of a United States Magistrate to order such a transfer. *See* 28 U.S.C. § 636(b)(1). Based on the background of the case and the authority cited above, the undersigned concludes that the *Motion to Transfer Venue* (doc. #4) is **GRANTED** and the case should be transferred to the Lufkin Division.

It is therefore **ORDERED** that this case is **TRANSFERRED** to the **Lufkin Division** of the United States District Court for the Eastern District of Texas. Upon transfer, the Clerk is directed to terminate this case number in the Beaumont Division.

It is so ordered.

**SIGNED this the 1st day of November, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE